IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>vs.<br><br>G.A.S., INC. AND REALTY LINC., INC. a/k/a AND d/b/a THE REALTY CENTER, REALTY CENTER PROPERTY MANAGEMENT and REALTY LINCOLN; and GARY T. THOMPSON, individually,<br><br>Defendants. | 8:11CV404<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the motion for default judgment (filing 12) filed by plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary"). The Secretary initiated this action on December 2, 2011, by filing a complaint asserting violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* (Filing 1.) Service of process was obtained on all defendants on or about January 20, 2012 (Filings 7, 8, and 9). The defendants have not answered or otherwise pled, and have not appeared in this matter. The Clerk filed an entry of default (filing 11) against all defendants on March 30, 2012. *See* Fed. R. Civ. P. 55(a).

    The Secretary's complaint and motion for default judgment request back wages of $14,642.46 for violations of the minimum wage and overtime requirements of FLSA, 29 USC §§ 206, 207, and 215(a)(2). Plaintiff also requests an additional $14,642.46 in liquidated damages pursuant to 29 U.S.C. § 216(c). Finally, the Secretary seeks a permanent injunction, pursuant to 29 U.S.C. § 217, enjoining defendants from violating the minimum wage and overtime requirements of FLSA. In support of the motion, the Secretary has submitted the declaration of Susan Wagner, an investigator with the Wage and Hour Division of the Department of Labor. Filing 12-1.

The Court finds that the requirements of Rule 55(b) have been satisfied. The Court accepts all allegations in the Secretary's complaint as true. Additionally, the Court finds that the declaration of Susan Wagner provides adequate support for the amount of damages claimed. Wagner investigated the operations and employment practices of defendants by reviewing defendants' records and interviewing their employees and former employees. Filing 12-1, at 1–2. Wagner determined that defendants owed certain employees back wages totaling $14,642.46 for the period from December 6, 2008 to September 25, 2011. Filing 12-1, at 4. Wagner's declaration sets forth the precise amounts owed to each of 13 different employees for this period. Filing 12-1, at 4. Those employees are named in the judgment that accompanies this memorandum and order.

The Secretary has properly alleged violations of the FLSA and provided evidence supporting the amount of damages claimed. Accordingly, the Court finds that default judgment should be entered against all defendants.

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion for default judgment (filing 12) is granted.

2. Plaintiff shall recover from defendants, jointly and severally, the sum of $14,642.46 in unpaid wages for the period from December 6, 2008 through September 25, 2011, for certain of defendants' employees whose names are set forth in the judgment accompanying this memorandum and order, and an equal additional amount of $14,642.46 as liquidated damages, in compensation for violations of 29 U.S.C. § 215(a)(2) and (5).

3. Judgment shall be entered in favor of plaintiff and against all defendants, in the amount of $29,284.92.

4. Defendants and their officers, agents, servants, employees, and those in active concert or participation with them who receive actual notice of this judgment are permanently enjoined and restrained from violating the minimum wage and overtime requirements of FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2).

5. Each party shall bear its own costs and fees.

6. A separate Judgment will be entered.

- 3 -

Dated this 11th day of June, 2012.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
United States District Judge